**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ISAAC RUSSELL                                                                                          PLAINTIFF
ADC #132326

V.                                    NO: 2:07CV00115 SWW/HDY

CORRECTIONAL
MEDICAL SERVICES INC. *et al.*                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the
       hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:
Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, against Defendants, on September 4, 2007.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on October 27, 2009, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2

(1986).  Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

 1. Although Plaintiff is now housed at the Delta Regional Unit, the events giving rise to this claim began when Plaintiff was held at the East Arkansas Regional Unit ("EARU").

 2. Defendants are Correctional Medical Services, Inc., and Mark Morehead, a former health administrator at the EARU.

 3. Plaintiff has diabetes.  When Plaintiff was held at the EARU, he did not receive his diabetes medication from the last few days of November, 2006, until January 16, 2007.  Plaintiff also did not get a blood test from August of 2006 to August of 2007.  Plaintiff has since been tested, and no medical provider has told him he has any problems, other than his chronic diabetes.

 4. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8the Cir. 1997).  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'"  *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

 5. Plaintiff is receiving medical care for his diabetes.  Plaintiff is essentially making a

claim that his medical care was delayed.  However, when an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay.  *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997).  Plaintiff did not testify to any detrimental effect of the delay, nor did he indicate that any medical professional had ever told him the delay caused him any harm.  Accordingly, Plaintiff cannot maintain a claim for a constitutional violation due to inadequate medical care.[1]

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   28   day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] This case is similar an earlier complaint Plaintiff filed, *Russell v. Kennedy et al.*, ED/AR No. 5:06CV269, which dealt with claims that Plaintiff's diabetic medications were delayed when he was held at the ADC's Cummins Unit.  That case was dismissed due to Plaintiff's failure to demonstrate any harm that resulted from the delay.  On October 26, 2009, the United States Court of Appeals for the Eighth Circuit entered an order and judgment affirming the dismissal.  Although it is fortunate that Plaintiff has not suffered any damage as a result of the delay in either of his cases, Defendants should be aware that a pattern of delaying prescribed medications could result in an actionable claim, if Plaintiff were to be harmed.