IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ISAAC RUSSELL                                                                                                    PLAINTIFF
ADC #132326

V.                                            NO: 2:07CV00115 SWW

CORRECTIONAL
MEDICAL SERVICES INC. *et al.*                                                                          DEFENDANTS

**<u>ORDER</u>**

The Court has reviewed the Proposed Findings and Recommended Disposition submitted

by United States Magistrate Judge H. David Young, and the objections filed.[1]   After carefully

---

[1]Plaintiff charges that Defendants denied him adequate medical care by delaying the administration of his diabetes medicine. United States Magistrate Judge H. David Young held an evidentiary hearing pursuant to *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), to determine whether Plaintiff's claim should proceed to a jury trial.  As stated in the proposed findings and recommended disposition, when, as in this case, an inmate alleges that a delay in receiving medical care amounts to a constitutional violation, the inmate must allege and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *See Coleman v. Rhaja*, 114 F.3d 778, 784 (8th Cir. 1997).  Because Plaintiff failed to testify at the hearing as to any detrimental effect from a delay in receiving medication or that any medical professional has ever told him that such a delay caused him harm, Judge Young found, as a matter of law, that Plaintiff's claim must fail.
   On July 16, 2009, Plaintiff filed a motion, which Judge Young denied, requesting to present the deposition testimony of Sangetta Doshi, M.D., filed in *Russell v. Kennedy*, No. 5:06CV00269 HDY (E.D. Ark.), during the evidentiary hearing held in this case.  *See* docket entry #53.  In objection to Judge Young's recommended disposition, Plaintiff states that Dr. Doshi's testimony would have shown that he sustained injury to his liver from "a prior 20 day delay in not receiving his diabetic medication."  Docket entry #71, at 2.
   The Court has reviewed the deposition testimony of Dr. Doshi, in its entirety, filed in *Russell v. Kennedy*, No. 5:06CV00269 HDY (E.D. Ark.).  Dr. Doshi testified that in her opinion, Plaintiff *did not* suffer any physical damage due to missing his medicine for a period of twenty days.  *See Russell v. Kennedy*, No. 5:06CV269 HDY, docket entry #124, Ex. #2, at 22-23.  In fact, she testified that a twenty-day period without medicine is "a very short period for anybody to suffer any damage."  *Id*.  Regarding liver damage, Dr. Doshi testified that Plaintiff had "a little bit" of liver damage due to high blood sugar levels Plaintiff experienced *before* his incarceration, but there was no indication that Plaintiff's liver damage occurred while he was in the Department of Correction, and his liver function actually improved after his incarceration.  *Id*. at

considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 19th day of January, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

28-29.